IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MILDRED TURNER,                )
                               )
        Petitioner,            )
                               )
    v.                         )   Crim. No. 03-057-SLR
                               )   Civ. No. 04-1569-SLR
                               )
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )

Mildred A. Turner, pro se, for Petitioner.

Colm F. Connolly, United States Attorney and Beth Moskow-Schnoll, Assistant United States Attorney, United States Attorney's Office, Wilmington, Delaware.  Counsel for Respondent.

**MEMORANDUM OPINION**

Dated: April 11, 2006
Wilmington, Delaware

*[signature]*
ROBINSON, Chief Judge

## I. INTRODUCTION

Petitioner Mildred Turner is a federal inmate currently at the Federal Detention Center, Philadelphia, Pennsylvania. (D.I. 63) Before the court is petitioner's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255[1] and for appointment of counsel. (D.I. 45 55) Respondent United States of America has filed its opposition. (D.I. 57, 59) The court has jurisdiction pursuant to 28 U.S.C. § 2255. For the reasons that follow, petitioner's application for relief is denied.

## II. BACKGROUND

On June 24, 2003, a federal grand jury returned a three count indictment charging petitioner with conspiracy to commit credit card and bank fraud, in violation of 18 U.S.C. § 1344, 18 U.S.C. §§ 1029(a)(2), 371 and 1349. (D.I. 10) Petitioner entered a plea of guilty to count one of the indictment on October 10, 2003.[2] (D.I. 24, 26) The court sentenced petitioner on March 23, 2004 to a term of imprisonment of 70 months to be

---

[1] Prisoners in federal custody may attack the validity of their sentences via 28 U.S.C. § 2255. Section 2255 is a vehicle to cure jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). See also United States v. Addonizio, 442 U.S. 178 (1979); United States v. Essig, 10 F.3d 968 (3d Cir. 1993).

[2] The remaining two counts were dismissed at sentencing. (D.I. 37)

followed by three years of supervised release. (D.I. 39) Petitioner did not appeal her sentence to the United States Court of Appeals for the Third Circuit. She filed her application for habeas relief on December 22, 2004 and, on March 31, 2005, moved for the appointment of counsel. (D.I. 45, 55) Respondent has filed responses to the applications for relief. (D.I. 57, 59)

### III. DISCUSSION

#### A. Sentencing

Petitioner moves for habeas relief, stating that there are mitigating and extenuating circumstances regarding her children that warrant a reduction of her sentence. (D.I. 45) She avers that her children have suffered and are "receiving psychological treatment for depression and stress disorder" due to her "absence and involvement in their lives." (Id.) She seeks imposition of a sentence of less than 70 months and with extensive probation, community service, house arrest, fees and court costs. In petitioner's request for appointment of counsel, she explains that a lower sentence is possible because the Sentencing Guidelines are no longer mandatory because of the decision United States v. Booker, 543 U.S. 220 (2005). (D.I. 55) She claims the court now has the discretion to impose whatever sentence is deemed appropriate.

Respondent contends that petitioner's application for relief should be denied on the grounds that her claims are not

2

cognizable on collateral review because her judgment was final before Booker was decided. (D.I. 57, 59) Every court reviewing the issue has concluded that Booker applies only to cases on direct review and is not retroactively applicable on collateral review.

On January 12, 2005, the United States Supreme Court issued Booker and concluded that the United States Sentencing Guidelines were unconstitutional as enacted. Booker was decided by two opinions of the Court approved by different majorities. Id. The first opinion, authored by Justice Stevens, reaffirmed the Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756. In the second opinion, authored by Justice Breyer, the Court held that 18 U.S.C. § 3553(b)(1), the provision of the Sentencing Reform Act of 1984 which made the Guidelines mandatary, was incompatible with the Court's constitutional ruling and, therefore, the Court severed §§ 3553(b)(1) and 3742(e). The "net result was to delete the mandatory nature of the Guidelines and transform them to advisory guidelines for the information and use of the district courts in whom discretion has now been reinstated." United States v.

Ordaz, 398 F.3d 236, 239 (3d Cir. 2005); In re Olopade, 403 F.3d 159 (3d Cir. 2005).

On April 11, 2005, the Third Circuit opined that the rule of Booker, which extended the rule of Apprendi to the Federal Sentencing Guidelines, was not retroactively applicable to cases on collateral review. In re Olopade, 403 F.3d at 159; accord Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005). In so doing, the Third Circuit noted that the Supreme Court has held that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001). This is accomplished by the Supreme Court explicitly holding so or "where two or more of its decisions when read together . . . absolutely dictate, that a particular rule is retroactively applicable to cases on collateral review." In re Olopade, 403 F.3d at 162.

Significantly, the Supreme Court has not expressly held that Booker is applicable to cases on collateral review. Id. at 163-164. In fact, Booker itself was decided on direct appeal and did not expressly declare that its holding should be applied retroactively to cases on collateral review. Moreover, "there is no combination of Supreme Court cases that 'dictates' that Booker has retroactive force on collateral review." Id.; accord Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); Humphress v.

4

United States, 398 F.3d 855, 860 (6th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005); United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005). In light of this precedent, the Supreme Court's Booker decision has no application to petitioner's sentence and does not provide a basis to reduce the sentence.

### B. Evidentiary Hearing

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the court has reviewed petitioner's motion and respondent's answer, as well as the record, and concludes that an evidentiary hearing is not required because the files and records of the case conclusively establish that petitioner is not entitled to relief. See United States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005); United States v. Booth, 432 F.3d 542, 545-546 (3d Cir. 2005); Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).

### C. Appointment of Counsel

Petitioner has moved for appointment of counsel to assist in determinng the affect of the Booker decision on her sentence. (D.I. 55) It is undisputed that petitioner does not have a Sixth Amendment right to counsel in this habeas proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999). The court

may, however, appoint counsel if the interests of justice so necessitate. Rule 8(c), 28 U.S.C. § 2255. Since petitioner's claims do not provide a basis for relief, the interests of justice do not require the appointment of counsel.

## IV. CONCLUSION

For the reasons stated, petitioner's application for relief is denied. An appropriate order shall issue.